UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| AIDA M. ARZOLA,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:20-cv-00005<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Aida M. Arzola ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Ford Motor Credit Company, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides various financing services to and through automotive dealers and consumers across the United States. Defendant has a principal place of business located at 1 American Road, Dearborn, Michigan. Defendant regularly collects debts from consumers located in Texas.

## FACTS SUPPORTING CAUSES OF ACTION

7. In or around May of 2018, Plaintiff purchased and financed a 2018 Ford Escape through Defendant ("subject debt").

8. Plaintiff was making timely payment on the subject debt until she fell on financial hardship, causing her to file a Chapter 7 bankruptcy in or around November 2019.

9. Due to financial hardship and the bankruptcy filing, Plaintiff missed her payment on the subject debt.

10. On or around November 26, 2019, Plaintiff began receiving collection calls from Defendant to her cellular telephone number (956) XXX-6031, in an attempt to collect on the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 6031.

12. On December 20, 2019, Plaintiff answered a call from Defendant. In that call, Plaintiff advised Defendant that she had filed for bankruptcy, provided her attorney's contact information, requested Defendant to stop contacting her and instead contact her attorneys.

13. In that call, Defendant stated that providing her attorney contact information was not adequate enough and that she would need to provide a bankruptcy case number or the account would immediately be sent to collections.

14. Plaintiff informed Defendant that she did not have her bankruptcy case number handy, requested Defendant to reach out to her attorneys, and reiterated that she did not want to receive further phone calls from Defendant to her cellular phone.

15. Despite Plaintiff's request, Plaintiff has continued to receive frequent collection calls from Defendant.

16. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from November 2019 through the present day, with calls taking place on back-to-back days.

17. In the calls that Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

21. In the phone calls that Plaintiff did not answer, Defendant left a pre-recorded message on Plaintiff's voicemail without her consent.

22. Defendant has left pre-recorded messages on Plaintiff's voicemail on no less than 5 separate occasions.

23. The pre-recorded messages left on Plaintiff's voicemail by Defendant each lasted 17 seconds and state, "This message is for Aida Arzola from Ford Credit. Please call our automated service line at 800-714-3373. Thank you. Goodbye."

24. Defendant has called Plaintiff from multiple different phone numbers including (864) 254-5600, (888) 224-0159, (800) 566-1298, and (800) 727-7000, but upon information and belief, Defendant may have used several other phone numbers to contact Plaintiff.

## DAMAGES

25. Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

27. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

28. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as fully set forth herein.

30. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

32. As discussed above, based on Defendant's pre-recorded messages and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

33. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. If no voice is detected, Defendant's phone system automatically adds a pre-recorded message into Plaintiff's voicemail, each lasting 17 seconds.

35. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

36. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from November 2019 through the present day, using an ATDS without her consent.

37. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

38. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

39. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

40. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

41. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

43. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, AIDA M. ARZOLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and reallages paragraphs 1 through 43 as fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

47. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA §392.304**

48. The TDCA, pursuant to Tex. Fin. Code Ann. §392.304(8), states that, "…a debt collector may not use fraudulent, deceptive, or misleading representation that employs…misrepresenting the character, extent, or amount of the consumer debt…"

49. Defendant violated Tex. Fin. Code Ann §392.304(8) when it continued to call Plaintiff's cellular phone at least 19 times after she notified them to stop. Furthermore, Plaintiff provided Defendant with her attorney's contact information and requested Defendant to call her attorneys, and to cease calling her cellular phone. The repeated contacts were made with hope that Plaintiff would succumb to the harassing behavior and ultimately pay the subject debt.

7

50. Upon being told to stop calling and providing Plaintiff's attorney contact information, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

51. As pled above, Plaintiff was severely harmed by Defendant's conduct.

52. As an experienced creditor, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls and instead to contact her attorney.

53. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

54. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff, AIDA M. ARZOLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
   c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
   d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
   e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and
   f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 23, 2020	Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com